MICHAEL E. BREWER, Bar No. 177912
HARRY M. DECOURCY, Bar No. 230516
LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
Telephone:    925.932.2468

Attorneys for Defendants
RAMZAN CHAUDHRY;
YASMEEN CHAUDHRY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| MICHAEL FERNANDES,<br><br>              Plaintiff,<br><br>   v.<br><br>RAMZAN CHAUDHRY; YASMEEN CHAUDHRY,<br><br>              Defendants. | Case No.  C 07 4488 WHA<br><br>**DEFENDANTS RAMZAN CHAUDHRY'S AND YASMEEN CHAUDHRY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES**<br><br>Judge:  Hon. William H. Alsup |

Defendants Ramzan Chaudhry and Yasmeen Chaudhry ("Defendants") answer Plaintiff Michael Fernandes' ("Plaintiff") Complaint as set forth below:

       1.    Answering the allegations set forth in Paragraph 1 of the Complaint, this Paragraph alleges conduct and facts relating to parties other than these Defendants, and so no response thereto is necessary.  To the extent that a response is required by these Defendants, Defendants lack sufficient information and belief upon which to admit or deny the allegations with respect to such other parties and, based on that ground, deny generally and specifically those allegations.  Defendants deny each and every allegation contained therein as they pertain to Defendants.

       2.    Answering the allegations set forth in Paragraph 2 of the Complaint, Defendants admit that they are the owners of the real property where the "Food Mart" store (the

DEFENDANTS ANSWER TO COMPLAINT
(NO.  C 07 4488 WHA)

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

1  "Store") located at 7935 Brentwood Boulevard, Brentwood, CA is located, and that the Store is open
2  to the public. Defendants deny each and every other allegation contained therein.

3      3. Answering the allegations set forth in Paragraph 3 of the Complaint,
4  Defendants admit that Plaintiff has initiated a lawsuit pertaining to the listed property and dates, and
5  that the lawsuit alleges denial of equal protection of the law and denial of civil rights under both
6  federal and California law. Except as so expressly admitted and with regard to any and all remaining
7  allegations in Paragraph 3, Defendants deny each and every allegation contained therein.

8      4. Answering the allegations set forth in Paragraph 4 of the Complaint,
9  Defendants admit that this Court has jurisdiction over the above-captioned matter as to all claims
10 brought under federal law. Defendants deny each and every other allegation contained therein.

11     5. Answering the allegations set forth in Paragraph 5 of the Complaint,
12 Defendants admit that venue in this Court is proper.

13     6. Answering the allegations set forth in Paragraph 6 of the Complaint,
14 Defendants admit that the intradistrict assignment of this case to San Francisco is proper.

15     7. Answering the allegations set forth in Paragraph 7 of the Complaint,
16 Defendants admit that the Store located at 7935 Brentwood Boulevard, Brentwood, CA is an
17 establishment that is open to the public. To the extent that Paragraph 7 contains legal conclusions,
18 Defendants need not respond. Except as specifically admitted herein, Defendants deny each and
19 every allegation contained therein.

20     8. Answering the allegations set forth in Paragraph 8 of the Complaint,
21 Defendants deny each and every allegation contained therein.

22     9. Answering the allegations set forth in Paragraph 9 of the Complaint,
23 Defendants admit that they, and each of them, are the owners of the real property where the Store is
24 located at 7935 Brentwood Boulevard, Brentwood, CA. Except as specifically admitted herein,
25 Defendants deny each and every allegation contained therein.

26     10. Answering the allegations set forth in Paragraph 10 of the Complaint, this
27 Paragraph alleges conduct and facts relating to parties other than these Defendants, and so no
28 response thereto is necessary. To the extent that Paragraph 10 contains legal conclusions,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)            2.

1  Defendants need not respond. To the extent that a response is required by these Defendants,
2  Defendants lack sufficient information and belief upon which to admit or deny the allegations with
3  respect to such other parties and, based on that ground, deny generally and specifically those
4  allegations. Defendants deny each and every allegation contained therein as they pertain to
5  Defendants.

6  11. Answering the allegations set forth in Paragraph 11 of the Complaint,
7  Defendants admit the existence of §§ 51 and 54 of the California Civil Code. To the extent that
8  Paragraph 11 contains legal conclusions, Defendants need not respond. Defendants deny each and
9  every allegation contained therein as they pertain to Defendants.

10  12. Answering the allegations set forth in Paragraph 12 of the Complaint,
11  Defendants do not deny the quoted language from § 19955 of the California Health and Safety Code.
12  To the extent that Paragraph 12 contains legal conclusions, Defendants need not respond. Except as
13  so expressly admitted and with regard to any and all remaining allegations in Paragraph 12,
14  Defendants deny each and every allegation contained therein.

15  13. Answering the allegations set forth in Paragraph 13 of the Complaint,
16  Defendants admit the existence of a "curb" on the premises of the Store. Paragraph 13 of the
17  Complaint alleges conduct and facts relating to parties other than these Defendants, and so no
18  response thereto is necessary. To the extent that Paragraph 13 contains legal conclusions,
19  Defendants need not respond. To the extent that a response is required by these Defendants,
20  Defendants lack sufficient information and belief upon which to admit or deny the allegations with
21  respect to such other parties and, based on that ground, deny generally and specifically those
22  allegations. Except as so expressly admitted and with regard to any and all remaining allegations in
23  Paragraph 13 as they pertain to Defendants, Defendants deny each and every allegation contained
24  therein.

25  14. Answering the allegations set forth in Paragraph 14 of the Complaint,
26  Paragraph 14 of the Complaint alleges conduct and facts relating to parties other than these
27  Defendants, and so no response thereto is necessary. To the extent that Paragraph 14 contains legal
28  conclusions, Defendants need not respond. To the extent that a response is required by these

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)     3.

1  Defendants, Defendants lack sufficient information and belief upon which to admit or deny the
2  allegations with respect to such other parties and, based on that ground, deny generally and
3  specifically those allegations. Defendants deny each and every allegation contained therein as they
4  pertain to Defendants.

5  15. Answering the allegations set forth in Paragraph 15 of the Complaint,
6  Paragraph 15 of the Complaint alleges conduct and facts relating to parties other than these
7  Defendants, and so no response thereto is necessary. Defendants deny each and every allegation
8  contained therein as they pertain to Defendants. Defendants further deny that Plaintiff is entitled to
9  the injunctive relief sought in Paragraph 15 of the Complaint.

10  16. Answering the allegations set forth in Paragraph 16 of the Complaint,
11  Paragraph 16 of the Complaint alleges facts relating to parties other than these Defendants, and so no
12  response thereto is necessary. To the extent that Paragraph 16 contains legal conclusions,
13  Defendants need not respond. To the extent that a response is required by these Defendants,
14  Defendants lack sufficient information and belief upon which to admit or deny the allegations with
15  respect to such other parties and, based on that ground, deny generally and specifically those
16  allegations. Defendants deny each and every allegation contained therein as they pertain to
17  Defendants.

18  17. Answering the allegations set forth in Paragraph 17 of the Complaint,
19  Paragraph 17 of the Complaint alleges facts relating to parties other than these Defendants, and so no
20  response thereto is necessary. To the extent that Paragraph 17 contains legal conclusions,
21  Defendants need not respond. To the extent that a response is required by these Defendants,
22  Defendants lack sufficient information and belief upon which to admit or deny the allegations with
23  respect to such other parties and, based on that ground, deny generally and specifically those
24  allegations. Defendants deny each and every allegation contained therein as they pertain to
25  Defendants, including that Plaintiff is entitled to recover attorney's fees and costs in connection with
26  the suit alleged herein.

27  ///

28  ///

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)     4.

18.   Answering the allegations set forth in Paragraph 19 of the Complaint, Defendants incorporate by reference, their responses to Paragraphs 1-17 as though fully set forth herein.

19.   Answering the allegations set forth in Paragraph 20 of the Complaint, Defendants admit the existence of the American's with Disabilities Act ("ADA"). To the extent that Paragraph 20 contains legal conclusions, Defendants need not respond. Defendants deny each and every allegation contained therein as they pertain to Defendants.

20.   Answering the allegations set forth in Paragraph 21 of the Complaint, the allegations in Paragraph 21 of the Complaint are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response. In addition, the statutory language set forth in 42 U.S.C. §§ 12101(b)(1) – 12101(b)(4) speaks for itself. To the extent that a response may be required, Defendants deny each and every allegation contained therein.

21.   Answering the allegations set forth in Paragraph 22 of the Complaint, the allegations in Paragraph 22 of the Complaint are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response. In addition, the statutory language set forth in the ADA speaks for itself. To the extent that a response may be required, Defendants deny each and every allegation contained therein.

22.   Answering the allegations set forth in Paragraph 23 of the Complaint, the allegations in Paragraph 23 of the Complaint are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response. In addition, any statutory language set forth in "§302, 42 U.S.C. § 12182" speaks for itself. To the extent that a response may be required, Defendants deny each and every allegation contained therein.

23.   Answering the allegations set forth in Paragraph 24 of the Complaint, the allegations in Paragraph 24 of the Complaint are legal conclusions or recitations of the law as alleged by Plaintiff, and as such, they do not require a response. In addition, the statutory language set forth in 42 U.S.C. §§ 12182(b)(2)(A)(ii); 12182(b)(A)(iii); 12182(b)(A)(iv); and 12182(b)(A)(v)

///

///

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)     5.

1  speaks for itself. To the extent that Paragraph 24 also contains legal conclusions, Defendants need
2  not respond. To the extent that a response is required, Defendants deny each and every allegation
3  contained therein.

4        24. Answering the allegations set forth in Paragraph 25 of the Complaint, the
5  allegations in Paragraph 25 are legal conclusions, and as such, they do not require a response. To
6  the extent that a response is required, Defendants deny each and every allegation contained therein.

7        25. Answering Paragraph 26 of the Complaint, the allegations in Paragraph 26 are
8  legal conclusions, and as such, they do not require a response. To the extent that a response is
9  required, Defendants deny each and every allegation contained therein.

10        26. Answering Paragraph 27 of the Complaint, the allegations in Paragraph 27 are
11  legal conclusions, and as such, they do not require a response. To the extent that a response is
12  required, Defendants deny each and every allegation contained therein.

13        27. Answering the allegations set forth in Plaintiff's Prayer, Defendants deny that
14  Plaintiff was damaged in any manner by Defendants conduct and further denies that Plaintiff is
15  entitled to injunctive relief, damages or attorneys' fees or costs. The remaining allegations are
16  requests for relief and as such require no response. However, to the extent a response is required,
17  Defendant denies each and every allegation contained therein.

## **AFFIRMATIVE DEFENSES**

### FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint, and each purported claim alleged therein, fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions of Defendant.

### THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)                6.

#### FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to state a claim entitling him to attorney's fees.

#### FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claim for "public interest" attorneys' fees under Civil Code § 1021.5 is barred based by the availability of relief under Civil Code §§ 54 *et seq.* and the ADA.

#### SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint fails to state facts sufficient to set forth a claim for punitive, exemplary and/or treble damages.

#### SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the actions taken by them, or anyone acting on their behalf, if any, with respect to the conditions of the establishment in question were for lawful and legitimate, nondiscriminatory business reasons.

#### EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that they fulfilled any obligation they may have had to reasonably accommodate Plaintiff's alleged disabilities.

#### NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff failed to mitigate his damages in this matter.

#### TENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to allege special damages with the requisite specificity.

#### ELEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that their services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California laws and by Federal laws, including but not limited to, the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, *et seq.*, the California Disabled Persons Act,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)                7.

Cal. Civil Code sections 54, *et seq.*, the California Unruh Civil Rights Act, Cal. Civil Code sections 51, *et seq.*, and the California Health and Safety Code Part 5.5.

### TWELFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that, as required by California laws and Federal laws, it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation leased and/or operated by Defendants.

### THIRTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred in that, at all relevant times, Defendants acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

### FOURTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's alleged injuries and alleged damages, if any, were proximately caused and contributed to by his own negligence, misfeasance and/or malfeasance and, therefore, any remedy or recovery to which Plaintiff might have otherwise been entitled must be denied or reduced accordingly.

### FIFTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that they granted Plaintiff access to their facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was rationally related to the services performed and the facilities provided by Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without causing undue hardship.

### SEVENTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO.  C 07 4488 WHA)                    8.

because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and the goods and services provided therein.

### EIGHTEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal was not readily achievable.

### NINETEENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that assuming, *arguendo*, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title III of the ADA, Health & Safety Code section 19955, or Title 24 of the California Code of Regulations during the relevant time frame.

### TWENTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege Civil Code Sections 54 and 54.1 do not create a private cause of action for damages for alleged discrimination and Civil Code Section 55 provides only a private cause of action to enjoin such alleged statutory violations.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Civil Code Sections 54.3 and 55 are the exclusive remedy for alleged violations of Civil Code Sections 54 and 54.1 and damages provided for by Civil Code Section 52 are not recoverable for such alleged violations.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that they owed no duty of care to Plaintiff.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the Complaint is barred by the equitable doctrines of estoppel and/or unclean hands.

///

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)   9.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that, if any mental or emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff consented to all actions taken, if any, and that Defendants' actions, if any, were therefore privileged.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff has failed to exhaust the administrative remedies available to him.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that requiring some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant would fundamentally alter the nature of the subject property.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that Plaintiff's claims in equity are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

### TWENTY-NINTH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are neither required nor readily achievable.

### THIRTIETH AFFIRMATIVE DEFENSE

As a separate and distinct affirmative defense, Defendants allege that the cost of some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of cost and scope to that of any alterations made within the statutory period, if any.

WHEREFORE, Defendants prays for judgment as follows:

1. That Plaintiff take nothing by reason of the Complaint;

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA  94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO.  C 07 4488 WHA)                    10.

1        2.     That judgment be entered on the Complaint in favor of Defendants and against Plaintiff, and that the Complaint be dismissed with prejudice;

      3.     That Defendants be awarded their attorneys' fees and costs of suit incurred herein; and

      4.     For such other and further relief as the Court may deem just and proper.

Dated: January 8, 2008

/s/
HARRY M. DECOURCY
LITTLER MENDELSON
A Professional Corporation
Attorneys for Defendants
RAMZAN CHAUDHRY
YASMEEN CHAUDHRY

LITTLER MENDELSON
A Professional Corporation
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)     11.

# CERTIFICATE OF SERVICE

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Treat Towers, 1255 Treat Boulevard, Suite 600, Walnut Creek, California 94597. On January 8, 2008, I served the within document(s):

DEFENDANTS RAMZAN CHAUDHRY'S AND YASMEEN CHAUDHRY'S ANSWER TO PLAINTIFF'S COMPLAINT FOR PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF AND DAMAGES

in accordance with the United States District Court for the Northern District of California's General Order 45 and Local Rules 5.5 and 5.6, wherein by electronically filing the document, a link thereto was sent by the United States District Court for the Northern District of California's Electronic Case Filing system to opposing counsel, constituting service of same.

**Thomas Nelson Stewart, III: t_stew_3@yahoo.com**

**(Attorneys for Plaintiff)**

I am readily familiar with our Firm's and the District Court's practice of filing and service via the Electronic Case Filing system, wherein the documents are filed and served via electronic means within that system in the ordinary course of business.

I declare that I am employed in the office of a member of the Bar of this Court at whose direction the service was made. Executed on January 8, 2008, at Walnut Creek, California.

/s/
_____
Denisen Hartlove

Firmwide:83993947.1 058626.1001

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Treat Towers
1255 Treat Boulevard
Suite 600
Walnut Creek, CA 94597
925.932.2468

DEFENDANTS ANSWER TO COMPLAINT
(NO. C 07 4488 WHA)            12.